Good morning, Your Honors, and may it please the Court. My name is Paul Jonah, and I represent the appellants Jim Meram and Maysoon Meram. I'd like to reserve two minutes of my time for rebuttal. My clients are the parents of Joseph Meram, a 16-year-old boy who got lost on a key junction at Cedar Creek Falls in the Cleveland National Forest and ultimately fell off a cliff and died. When the District Court granted summary judgment on the issue of the discretionary function exception, it did not analyze a key mandatory duty regarding the placement of signs at junctions. I want to focus... Pardon me, Mr. Jonah. Isn't the issue here whether your unfortunate young man took a user-created trail to the left, not at a junction, that there was a sign at the junction, but he didn't get to the junction? Isn't your claim that the mandatory duty is to place a sign not only at or before the junction, but at or before a user-created trail? No, Your Honor. Our claim is that Section 5.3 of the Forest Service Sign and Poster Guidelines requires the placement of signs at or in advance of the junction. Our claim is not... Is there any doubt there was a sign at the junction? There was a sign at the junction, but the rule requires... Doesn't that satisfy the requirement? It doesn't, because the rule requires that the junction is evident. Well, if you're at the junction, you see the sign, it's evident. I mean, I think Judge Bey has put his finger on the problem. You're not really concerned about the sign at the junction. You're concerned about the lack of a sign at a non-junction. Well, the rule 5.3 requires the sign to be either at or in advance, such that the junction is evident. And at the junction, the sign is there. There's no dispute about that. And at the junction, the junction is evident. The sign is evident. Everybody knows when you get to the junction. The problem is that in advance of the junction, and I've done a lot of hiking. I've been lost. Sometimes it's hard to tell exactly which one is the trail, but the regulation doesn't require that all potential junctions be identified that this is the real thing or this is not. The user-created trail that they veered left on was about 15 feet away from the junction, and there were trees blocking the signs at the junction. And we have two witnesses who testified in this case under oath that they couldn't identify the junction. So I think that's a fact. Well, they couldn't identify the junction. Where were they when they said they couldn't identify the junction? They were approaching the clearing where the sign was. So it's not a question of being able to identify the junction at the junction. Well, you can't get to the junction because of the trees blocking the signs. So we had two witnesses who made that point. Basically, they couldn't even identify the junction because the signs were behind trees. And so the government's taking the position that they have the option. They could have placed the signs at or in advance. They placed them at, which satisfies the rule. But there's a case that's very instructive on that issue, which is Myers v. United States. One of the policies of Myers was similar to the one at issue here. It had an or. It said certain plans had to be reviewed by a certified professional or the equivalent based on training and experience. The government said, see, we had discretion. We could place the signs. I mean, sorry, the plans could be reviewed either by a certified professional or a equivalent. The court said, no, that's not discretion. That's professional judgment. And the same thing applies here. There's professional judgment involved in deciding where to place the signs, but that's not discretion. And I think the question of whether the junction was evident. But I'm still adrift because none of this says that the regulation wasn't complied with. Well, you're reading into the regulation something that I haven't seen there. And that something seems to me does demonstrate an application of judgment. That is, where do you need to put a sign that says this isn't a junction? Not only that, don't you have a little problem about when you look at the facts of this situation and you know the point at which he fell? There's just no dispute about where he was when he fell. Is there? No, there's no dispute that he was at the edge of the falls when he fell. He was over the falls. He had already passed any signs, passed any notice at the time he fell. Is that significant in your view? I don't think it's significant for purposes of the appeal. Well, what good would the sign have done? The sign would have allowed him to continue on the main trail to the bottom of the falls where he was intending to go. And I think that that's a causation issue which isn't really addressed in this appeal. But, Your Honor, the issue of where to place the signs, I think the question of whether the sign was evident is really inherently a factual question. The government had a duty to place the sign. The regulation doesn't say that at every place along the trail, the next junction has to be evident. I mean, sometimes the junction's a mile away. So is it supposed to make sure that every place you are on the trail, there needs to be something visible telling you where the next junction is? Absolutely not. This was an area within feet of the junction. But I'm not sure how that changes anything. You are arguing for a position that says the non-junctions, that is the user-created trail or the natural drainage or whatever else that causes other clearings that could be perceived as a path, that each of them have to be marked so that it's clear this isn't the right junction, the right junction is ahead. There are innumerable such crossings on a lot of trails. Right. I think the government anticipated this issue when they drafted the rule, which basically says the sign has to be either at or in advance, presumably recognizing the fact that there's going to be times where if you're at it, you're not going to be able to recognize the junction until you get to it. So I think. But that's exactly the discretionary function, isn't it? They can decide to put it at the junction or in advance of the junction. Right. And I would argue, Your Honor, that's a professional judgment. That's not discretion. And there's cases like, for example, Saylor, Sutton v. Earls, and Garcia. All of those cases involved the government's failure to post speed limit signs and pursuant to specific directives. And this court held that those decisions aren't policy-based. And in Sutton, the court even noted that the government did post a speed limit sign, kind of like what the government is saying here, well, we did post a sign. But the court noted it was unlit and unclear. And so I think that case is instructed. Well, in that case, the sign was apparently ineffective. There's no question, but the sign posted here, I mean, you're not disputing the sign posted here was visible and properly marked the junction. Your complaint is it couldn't be seen in advance of the junction. So, Your Honor, I think a key thing to remember here is that there's basically two prongs to this inquiry. The first is that are you dealing with a mandatory duty? And I think the rules themselves say if the word shall appears, it's mandatory. There's no question this is a mandatory duty. But there's no question the government complied with that. The question is what's the requirement? How expansive is it? Is there a requirement that you post something in advance of the junction to make sure that the proper junction is identified as being in the distance so that the place you're at now isn't the junction, even though you may have discerned that it is? And I don't see anything in regulation that speaks to that, that requires that. Again, Your Honor, the two requirements are that it's a mandatory duty and that it's not based on policy. So the question of whether they complied with it, I don't think the Court can say, you know, definitively whether it was complied with because it's a factual issue. Whether the sign was evident is a factual question. They had a mandatory duty to place. Well, just being a factual issue doesn't end the question.  And so we could say, okay, it's mandatory. The evidence says it's satisfied. I would argue that they didn't comply because they had a duty to make sure the junction was evident. And we have witnesses saying it wasn't. And, again, on the question of whether it was grounded in policy, we're not talking about deciding whether to post warning signs in the absence of a specific directive. Oh, sure you are. You're asking for a sign on some trails every 15 feet. You weren't far from the junction here. You weren't far from the sign that was actually there, but your argument is it wasn't visible. And the problem is, on some trails, as they curve around, you can't see very far in the distance. So you're asking for a sign all the way like the old Burma Shave signs. And that's not a trail. This was the key junction on this trail, Your Honor, where basically if you go to the left, you're heading to the top. It wasn't a key, was it? It was a man-made. Well, this area where these two trails intersect, that's not man-made. The user-created path where he veered left was. I do want to make sure I have enough time to address the recreational use of the Union of Defense, which it looks like I do. Okay, you can save the balance. Okay. Thank you. Good morning. Catherine Parker for the United States. The first prong of the discretionary function exception test is satisfied. Move that microphone a little bit closer to you because I'm having trouble hearing you. Yes, Your Honor. I'm sorry. The first prong of the discretionary function exception test is satisfied where the challenge conduct involves an element of judgment or choice. And the challenge conduct in this case involves both. The Section 5.3 of the sign-in poster guidelines itself embodies an element of choice in providing options for where a sign can be located and also invokes the agency's judgment in the language indicating that junctions should be evident. There is judgment that goes into the Forest Service's determination of how to make a junction evident. And this regulation or policy applies to all national forests, and each junction is different, and each forest must balance varying considerations in determining how to make a junction evident. The Forest Service could certainly put up lighted, bright neon signs in advance of each junction in order to make it evident, but they have to balance competing policy considerations. You know, you want to be careful. You're young in making an argument, but you want to be careful. You don't want to get into the ridiculous, do you? No, no. It's just that they could have put a neon sign. Nobody's asking for that. Nobody is asking for that. It's meant to demonstrate. No, it wouldn't have made any difference in this case, I don't think. Isn't that the situation? It may not have. It may not have. All right. Go ahead with the argument. You're young, and I was going to help you. You just don't want to. Thank you, Your Honor. I understand. Go ahead. I want to address the Myers case, which did involve pure professional judgment as to who should make a safety review. A judgment as to where to place a sign that provides information to users of the National Forest is a very different type of judgment, and now I'm getting into the second prong of the analysis, is a very different type of judgment than a decision whether or not, for example, to post a speed limit sign, which is a purely safety-based determination. A sign like this is to provide information to the users of the National Forest, to provide guidance. You want to keep them on the real trail. Keep them on either the real trail or the trail that they intended to be on. There's multiple trails. Two trails meet here at this junction. The problem here is that the deceased wound up on something that wasn't supposed to be a trail. And that happened at some point removed from the junction that we're discussing now. The rule seems written for the situation of somebody that comes to a junction, doesn't realize this is the junction, and keeps going in a direction. The problem here is a slightly different one, which is that somebody comes to what appears to be a junction, but it's not marked, and you have to figure out which way you're supposed to go. And I confess I've been in that situation, because sometimes that's just the nature of wilderness or forest. And if the rule is intended to let people know what the real trail is, isn't it a problem if you've come to a place that looks like the trail goes off this way because users have made a path that direction, but there's no sign, you can't be sure. I've looked at this photograph that's in the record. It's your Exhibit L, SCR 2324. I'm not sure, if I'm standing there, if I can figure out which way I'm supposed to go, which is the problem that's posed in the lawsuit. Well, isn't the government supposed to be responsible for showing which way they're supposed to go? I don't know that the government has that duty to specifically direct each user precisely where that user wishes to go. It's a goal that's embodied in the sign-and-poster guidelines, but there's discretion for the purposes that are addressed in Joan Friedlander's reply declaration, that there are many, many of these user-created trails, and to place a sign on each one of them would overburden the Forest Service's resources and would create an absurd overproliferation of warnings when there are many users in this land who are creating these paths on a day-to-day basis. It's certainly a goal to provide information to users where they would like to go and to help them reach their destination, but it's not mandatory, and it's because of the nature of the National Forest that this type of conduct is protected by the discretionary function exception. The Childers case is quite instructive here on both prongs of the analysis. The Forest Service in that case, there was some mandatory conduct. We're talking about an unmaintained trail in Yellowstone in the wintertime, and the Forest Service there was required to either close the trail or adequately warn the public, and the court found that the Forest Service did not have discretion to do nothing because there was an unmaintained trail. However, what it chose to do when it decided not to close that trail was within its discretion. The term adequately warn required the agency to make its own judgment as to how to affect that goal, and that's similar to the type of provision that's at issue here. Section 5.3 of the sign and poster guidelines requires something. There does need to be a sign in conjunction with a trail junction, and there is no dispute that there were signs at the trail junction. But the goal of making the junction evident requires the agency to exercise its judgment and to balance the goal of providing information against the competing goals of avoiding first and overproliferation of warnings and the ineffectiveness that comes with that, as well as preserving the aesthetic nature of the National Forest, in particular this area, which is a fairly remote area and removed from civilization. And that type of balancing is recognized again and again in cases like Childers, like Valdez, Blackburn, and Turbush, that this isn't a strict professional judgment or safety judgment, that this is competing policies that have to be balanced against each other. In the context of managing what is a very difficult and problematic area for the Forest Service, there are many challenges associated with Cedar Creek Falls. You were talking about competing balances and competing considerations. The plaintiff makes a pretty good case that this area has involved several other accidents before this unfortunate accident. Isn't that a consideration which should be taken into account by the Forest Service in whether the sign should be put? First of all, yes, it's correct that there were other accidents in this area. And I believe the question is whether the Forest Service should take that into consideration in placing directional signage. The Forest Service didn't have any reason to believe that directional signage played a role in the prior accidents. Wouldn't that be an issue of fact for the jury? It wouldn't be relevant to the discretionary function analysis,  On the one hand, you don't want to have too many signs because it spoils the view. On the other hand, you have some accidents that are occurring perhaps because people don't know where they're going. So is it your position that it's a discretionary function of the Forest Service to weigh environmental views versus the danger of death? Yes, that is the Forest Service's position. As set forth in a history of cases in this court that look at conduct within both the National Park Service and the National Forest, yes. If the court has any questions about the recreational use immunity defense, I will address those as well. The way the issues have been narrowed on appeal, the recreational use immunity defense is susceptible to being decided by this court. The plaintiff, given the nature of the land and the fact that there was no payment and no invitation, in order to prove liability and avoid the recreational use immunity defense, the plaintiff must establish a willful or malicious failure to guard against a dangerous condition. The only allegation of wrongful conduct in this case is the decision where to place a directional sign. And there's much information in the record, not only about the challenges associated with this area, but also the great lengths that the Forest Service was going to to address all of the known risks. And in the context of that background, the decision where to place a directional sign, at most could constitute negligence and not willful conduct, falling in line with this court's decisions in cases like Spires and Matisse, where it was found that a failure to take even additional steps would not be willfulness but would be mere negligence, therefore invoking the recreational use immunity defense. Unless the court has any other questions, I will conclude and ask that the judgment be affirmed. Thank you. Thank you very much. Just to briefly summarize on the discretionary function exception, again, we're dealing with a mandatory duty. The question of whether a sign is evident doesn't involve balancing social and political interests. It's an objective standard, and I don't think discretionary function. I don't think she was posing that as the policy question. She was posing the question of whether it's a wilderness if you have a sign every 15 feet. Why isn't that a policy question? Well, the rule requires these signs only at junctions. Every 15 feet, we're not saying that the sign should be at user-created paths. We're saying at junctions. I don't even know of another junction on this trail. But you don't dispute there was a sign at the junction. Your dispute is that the sign couldn't be seen in advance of that place at a user-created path. No. Our argument is they didn't comply with their rule to make sure that junction was evident. I just want to briefly address recreational use immunity. I'm afraid your time has expired. There was little discussion of that before, so we have your brief. That will be sufficient. Thank you. We thank both counsel for the argument. The case just argued is submitted.
judges: Farris, Clifton, Bea